JOEL J. MORING, plaintiff in error, *vs.* A. C. FLANDERS, administrator, defendant in error.

A factor or merchant holding a lien under section 1977, Irwin's Revised Code, when the maker thereof is dead, may, in order to preserve his lien and such priority as he may be entitled to, if any, in the distribution of his debtor's estate, make the affidavit required by law for its enforcement within twelve months after the qualification of the representative of the estate, but there can be no levy of the execution issued thereon until after the expiration of the period of exemption from suit, allowed executors and administrators.

Administrators. Factor's lien. Illegality. Before Judge HERSCHEL V. JOHNSON. Emanuel Superior Court. April Term, 1873.

Moring foreclosed a factor's lien, existing only in parol, against Flanders, as the administrator of John R. Prescott, deceased, for $288 00. The defendant filed an affidavit of illegality thereto. The issue thus formed was submitted to the Court upon the following agreed statement of facts :

"Plaintiff filed his affidavit before John C. Coleman, Ordinary of said county of Emanuel, on January 6th, 1872, setting forth facts sufficient to create a lien, under section 1977 of Irwin's Revised Code. Said Ordinary issued an order directed to the clerk of the Superior Court of said county, ordering him to issue a *fi. fa.* for the amount of the plaintiff's debt. On the same day, the clerk issued an execution which was levied by the sheriff of said county on certain property belonging to the defendant's intestate. Letters of administration were issued to the defendant on January 1st, 1872."

Moring *vs.* Flanders.

Defendant moved, under the above statement of facts, that the affidavit and levy be dismissed, upon the following ground: Because the proceeding was a suit for the recovery of a debt due by the decedent anterior to his decease, and was commenced against the administrator before the expiration of twelve months from the date of his letters of administration.

The motion was sustained, and the plaintiff excepted.

JOSEPHUS CAMP; JOHN M. STUBBS, by PEEPLES & HOWELL, for plaintiff in error.

WARD & CAIN, by Z. D. HARRISON, for defendant.

TRIPPE, Judge.

The lien claimed by the plaintiff existed in parol. We cannot see that any damage could result in permitting him to make the affidavit, and thus have the claim put that far in such a form as would enable him to assert whatever priority he might have, if any, in the distribution of the assets of his deceased debtor. If he has none, no hurt is done, and he has his cost to pay. If the claim is paid by the administrator, he can have a voucher in a more satisfactory form—the very form, probably, that he should require in just such a case as this, where it was a verbal contract. The administrator thus paying it, if he did so in proper time, should not be taxed with any cost.

We think to allow this is not in violation of the law exempting administrators from suit for twelve months. The affidavit, without process to enforce it, is not a suit. But no levy could be made by virtue of any execution issued on such affidavit within the period of the twelve months exemption. That would be a clear violation of the rights of the administrator. He has the right to contest the claim, and should have due time therefor. No judgment has been obtained against the intestate in his lifetime, and no opportunity for any one to be heard. The representative of the estate can-

not at once be thus forced into litigation. Besides, he has the time allowed him, so that he may inquire into the condition of the estate, the amount of assets and the liabilities. Many of the debts or liabilities may have preference over this. Expenses of administration, funeral expenses, etc., stand on a footing that entitle the administrator to time for investigation into the condition of the estate, so as to ascertain what the priorities may be as between creditors, including the widow and the minor children.

The Court was not in error in dismissing the levy. The affidavit should have been permitted to stand. There was no necessity to vacate it.

Judgment reversed, in so far as the affidavit was dismissed.